**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Cr. Action No. 99-590(01)(JHR) |
| **v.** : | MEMORANDUM AND ORDER |
| **DAVID SAUNDERS,** : | |
| Defendant, : | |

**RODRIGUEZ,** United States District Judge

This matter comes before the Court on Defendant's "Letter in Lieu of Motion for Quashing or Dismissal, While Vacating Setting Aside" (Rule 33) [ECF No. 25]; and Defendant's "Letter in Lieu of Motion for Writ of Mandamus" (collectively "Def's Motions") [ECF No. 27]. Defendant's Rule 33 motion seeks dismissal of his sentence of supervised release. Defendant's motion for a writ of mandamus seeks review of his federal detainer/warrant. For the reasons discussed below, the Court will construe Defendant's filings as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and order the U.S. Parole Commission, as Respondent, to file an answer.

I.  BACKGROUND

On July 27, 2000, Defendant was sentenced by this Court to a term of 48 months' imprisonment with a three-year term of

supervised release. (Def's Motions, ECF Nos. 25, 27.) He was released from federal custody and began his term of supervised release on June 11, 2012. (Id.) Defendant was subsequently arrested on November 12, 2013, and later convicted in the Cumberland County Superior Court for receiving stolen property. (Id.) Defendant's federal parole officer lodged a detainer on November 13, 2013, and "requested a 24 month hit due to arrest." (Id.)

On January 2, 2015, Defendant was sentenced in state court to "5 years concurrent with violation of parole." (Id.) In Defendant's Rule 33 motion, he argues that by filing the detainer on November 13, 2013, his parole officer violated his right to be heard by an impartial tribunal before revocation of his parole. (ECF No. 25 at 1.) He asserts that he was never advised of the alleged violation of supervised release or given an Initial Revocation Hearing, as required under Federal Rule of Criminal Procedure 32.1. (Id.) Therefore, he contends that he was denied procedural due process and fundamental fairness, and his sentence for supervised release is tainted and should be quashed, dismissed, vacated or set aside. (Id. at 1-2.)

Defendant, in his petition for a writ of mandamus under Federal Rule of Civil Procedure 81(b), contends he was not convicted within the meaning of 28 C.F.R. § 2.52(c)(2) until his new sentence was imposed on January 2, 2015; and therefore, the U.S. Parole Commission acted prematurely by issuing a warrant on

2

November 13, 2013. (ECF No. 27 at 1.)

>Defendant further states:

>>If the com'n had waited until after state sentencing as it should have, it would lack jurisdiction under 18 U.S.C. §§ 4164 4210(b)(1), which proscribe action with-in 180 days of the expiration of a parolee's term. The U.S. Par. Com'n authority over defendant has terminated. . .

>>Defendant Federal P.O. lodged detainer on 11/13/13. U.S. Par. Com'n lacks statutory or regulatory authority to lodge detainer prior to conviction . . . Such action prejudiced defendant's state pretrial release rights and hence entitled defendant to a probable cause hearing on warrant and revocation hearing either contemporaneously or within 60 days of a finding of probable cause under §§ 4214(a)(1)(B). . . . Once a petitioner is convicted and serving a new sentence, a warrant lodged as a detainer must be review[ed] by the Regional Commissioner within 180 days of notification to the com'n of placement 18 U.S.C. § 4214(b)(1). If the com'n lets the warrant stand as a detainer, the parolee has the right to a revocation hearing upon completion of 24 months of state imprisonment of his state conviction or upon his return to a federal institution. 28 C.F.R. § 2.47(b)(1)(1)(A)&(B).

>(Id.) (citations omitted)

Petitioner requests a writ of mandamus to compel a hearing and for dismissal of his supervised release on the basis that no warrant should have issued and the U.S. Parole Com'n "may not find a violation" based on a conviction that occurred after the end of a parole term. (ECF No. 27 at 2.)

3

II.  DISCUSSION

Federal Rule of Civil Procedure Rule 33 provides a vehicle to seek a new trial based on newly discovered evidence or other grounds warranting relief. Fed. R. Civ. P. 33(a). Defendant clearly is not seeking a new trial on his federal conviction. Furthermore, he cannot challenge his July 27, 2000 sentence of supervised release, which he seeks to vacate by bringing this motion under Rule 33, because the time to file a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 is long past. See 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section . . .")

Defendant also filed a motion under Federal Rule of Civil Procedure Rule 81(b), which provides "The writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules." The appropriate action to challenge an unexecuted federal parole violator warrant/detainer is a petition for writ of habeas corpus under 28 U.S.C. § 2241. See e.g. Romano v. U.S. Parole Com'n, 238 F. App'x 861 (3d Cir. 2007) (federal prisoner petitioned for writ of habeas corpus challenging parole violator warrant); U.S. ex rel. Caruso v. U.S. Bd. of Parole, 570 F.2d 1150 (3d Cir. 1978) (state prisoner petitioned for writ of habeas corpus challenging the failure to provide an immediate parole revocation hearing on an unexecuted federal parole violator warrant).

4

III. CONCLUSION

The Court will construe Defendant's motions as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and direct the Clerk of Court to open a new civil proceeding for this action, naming the U.S. Parole Commission as the Respondent.[1] Having reviewed such petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), the Court will direct the respondent to file an answer.

IT IS, therefore, on this 9th day of February, 2016

ORDERED that this Court construes Defendant's Rule 33 motion and Rule 81 motion (ECF Nos. 25, 27) as a petition for writ of habeas corpus under 28 U.S.C. § 2241; therefore, the Clerk of Court shall open a new civil action with the caption "David Saunders, Petitioner v. U.S. Parole Com'n, Respondent" and the Clerk shall docket Defendant's Rule 33 (ECF No. 25) and Rule 81 (ECF No. 27) motions in the new civil action with the docket entry "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" and the Clerk shall docket this Order in the new civil action with the docket entry "Order Construing Motions in 99cr590 as Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" and it is further

---

[1] See e.g., Guidice v. U.S. Parole Com'n, Civ. Action No. 07-3055 (RBK), 2008 WL 199468 (D.N.J. Jan. 18, 2008) ("This Court has jurisdiction over the Petition because Petitioner challenges his future custody by the Parole Commission pursuant to a warrant lodged as a detainer on the ground that it violates federal law.")

ORDERED that the Clerk of the Court shall serve copies of the Petition and this Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

ORDERED that, within 45 days after the date of entry of this Order, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

ORDERED that Respondent shall raise by way of the answer any appropriate defenses which Respondent wishes to have the Court consider; and it is further

ORDERED that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

ORDERED that Petitioner may file and serve a reply in support

of the Petition within 30 days after the answer is filed; and it is further

    ORDERED that the Clerk of the Court shall serve this Order on Petitioner by regular mail.

_____
Joseph H. Rodriguez
United States District Judge

7